**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-1323**

---

KAREN M. RICE, Individually and as the Personal Representative of the Estate of
Brian E. Rice,

        Plaintiff - Appellant,

     v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at
Charleston.  David C. Norton, District Judge.  (2:17-cv-01992-DCN)

---

Submitted:  June 28, 2021                       Decided:  July 13, 2021

---

Before NIEMEYER and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Robert V. Phillips, Jordan C. Calloway, MCGOWAN, HOOD & FELDER, LLC, Rock
Hill, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Elizabeth C.
Warren, Assistant United States Attorney, Tina M. Cundari, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karen M. Rice appeals from the district court's order granting the United States' motion to dismiss and dismissing her civil action, filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80. Rice alleged that substandard medical care provided to her late husband at the Ralph H. Johnson Veterans Affairs Medical Center in Charleston, South Carolina, proximately resulted in his death by means of "suicide by cop." Applying South Carolina law to Rice's claims, the district court relied on a "general rule" that suicide constitutes an intervening act that breaks any causal link between a defendant's conduct and a plaintiff's injury. The court concluded that Rice failed to sufficiently plead the proximate cause element of her claims.

After the district court issued its opinion, the Supreme Court of South Carolina, responding to a certified question from this court, clarified that there is no "general rule that suicide is an intervening act which breaks the chain of causation and categorically precludes recovery in wrongful death actions," explaining that South Carolina "courts . . . appl[y] traditional principles of proximate cause to individual factual situations when considering whether a personal representative has a valid claim for wrongful death from suicide." *Wickersham v. Ford Motor Co.*, 853 S.E.2d 329, 388 (S.C. 2020).

Because "we are a court of review, not of first view," *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006), we vacate the district court's dismissal and remand this case for consideration of the sufficiency of Rice's complaint in light of *Wickersham.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

2

*VACATED AND REMANDED*